## JOSEPH H. JOHNSON, Appellant, v. SAMUEL THOMPSON et al., Appellees.

### APPEAL FROM MARSHALL.

Where the name of a party is used in a bill in chancery, upon which issues are formed, without objecting that such name was improperly used, it is too late, when proof is being taken upon the merits, to attempt to show a want of authority for the use of the name.

If one of the parties to a bill has paid usurious interest upon a loan, to secure which a mortgage has been given, he has a right, before the matter is adjusted, to claim an allowance for the usury; although the bill may have been filed by his creditors to restrain the sale of the mortgaged premises.

APPELLEES filed their bill of complaint in Marshall Circuit Court, alleging thereby that said Samuel Thompson, on November 1, 1858, was indebted to Harmon, Aiken & Gale, in the sum of $733.28, upon a note of that date, and to Wadsworth & Wells in the sum of $355.01, and gave to James E. Aiken a note for that amount.

To secure the payment of said two notes, said Thompson gave to said Aiken, a trust deed upon real estate. July 10, 1859, said Thompson, and William Fisher as security, gave appellant, Johnson, their note for $800, payable in one year, with ten per cent., being for money borrowed; on same day,

gave their other note for $80, with ten per cent., payable at the same time. Said last note has been fully paid. Said $80 note was given without any consideration, but was made, executed and delivered upon a corrupt and usurious agreement between said Thompson and appellant, to cover up and conceal a contract for the payment of usury. To secure the payment of the two last mentioned notes, said Thompson and his wife executed to appellant their deed of trust upon above mentioned real estate, Sept. 12, 1859, and said Thompson paid appellant the whole amount of interest due upon said note of $800, to March 10, 1860. According to the best of complainant's knowledge, etc., said appellant has received from said Thompson, upon said note of $800, from its date to March 10, 1860, interest at the rate of thirty-six per cent. per annum, which exceeds the legal rate twenty-six per cent. per annum, amounting to $768, which is wholly forfeited. As evidence of the payment of said usurious interest, they file exhibits. Plead the statutes concerning usury as a bar, to the extent of such forfeiture, to any claim appellant may pretend to hold as a lien upon said premises, as against said Thompson, or the rights and interests of said Wadsworth & Wells, creditors of said Thompson, as aforesaid.

That complainants, Wadsworth & Wells, as lien creditors of said Thompson, have an interest in the real estate, hereinbefore described, to the full amount of the sums mentioned in their said notes.

That appellants had advertised said premises for sale on the 10th of May, 1860, to pay the sum of $800, and ten per cent. interest thereon, from the date of his said deed of trust.

That said complainants, Wadsworth & Wells, have always been ready and willing, and still are, and offer to pay said appellant whatever may be justly, honestly and legally due him, and they are ready and willing, and offer to pay into court such sum as the court may deem sufficient.

That said appellant be summoned to answer upon oath, etc.

Prayer for an injunction to restrain appellant from proceeding with said sale, and that an account be taken of the amount justly, legally and equitably due to said defendant (appellant)

upon his deed of trust, against said Thompson, deducting from said original note all payments made, and all forfeitures incurred, etc.

Answer of defendant (appellant) states that he does not know as said Thompson was indebted to Harmon, Aiken & Gale, or Wadsworth & Wells; has no knowledge of the mortgage executed to Aiken by Thompson.

July 10, 1857, said Thompson was indebted to appellant upon two notes, one for $800 and one for $80, payable in one year, with ten per cent. interest. Said notes were executed by said Thompson and Fisher, and were given for money loaned to said Thompson. That said $80 note has been paid, and was not given without consideration or to cover up and conceal a usurious contract, as alleged in said bill, as he remembers the transaction, nor does the interest reserved in said note exceed the legal rate. Respondent (appellant) admits the execution and receipt by him of the trust deed as security for the payment of said notes; denies the payment of interest on said note to March 10, 1860—that the receipt marked exhibit " F " in page 16, complainant's bill, has reference to other and different transactions, and the money received was applied on other indebtedness. Denies the receipt of thirty-six per cent. per annum as alleged in said bill, or that he has received interest exceeding the legal rate, nor does the sum received by him amount to $768.

The respondent (appellant) here demurs to the bill, inasmuch as it alleges that the usurious interest has already been paid, and that the same cannot be recovered back, either in law or equity; that Wadsworth & Wells cannot insist upon the forfeiture of such interest.

The answer admits the advertising of the real estate for sale as alleged in said bill, and denies that said Wadsworth & Wells ever were ready and willing or ever offered to pay him (appellant) the amount due on his note and trust deed.

That the consideration of said note of $80 was money loaned by appellant to Thompson.

Does not recollect the exact amount paid at the date of the receipt of September 12, 1859, set forth in complainant's bill.

That said Thompson gave him a note promising him to pay some money, which was discharged by an order on J. R. Chapman, of the city of Lacon, or by some of the subsequent payments mentioned in said bill, which one he cannot definitely recollect, but whatever was paid him at the time of the delivery of the receipt, was to apply on other and different transactions. That the words at the foot of the receipt—16— (the above note signed by G. S. Thompson and William Fisher,) were written after the making and delivery of the receipt, as he believes, without his knowledge or consent.

That about $379, was paid by said Thompson to appellant, but neither the same, nor any portion thereof, was received as interest upon or in part payment of said $800 note, except the one dollar mentioned in receipt No. 2, indorsed on the back of the original trust deed. That all payments made to appellant by said Thompson, are included in the foregoing exhibits, and said $80 note, and that the same was paid to him upon other obligations held against said Thompson, and not upon said trust deed. That the consideration for the extension of payment on said trust deed, was the payment by said Thompson of other indebtedness due to appellant, which were not secured, but were doubtful.

That none of said eight hundred dollar note has been paid, but the same, and interest thereon, remains wholly unpaid.

Replication filed.

Upon the hearing, the court found that Johnson had received, as usurious interest upon said $800, the sum of $439.75, and deducted the same from the $800, and found to be due said Johnson the sum of $360.25 only, and decreed that complainants pay the same by the 10th day of June, 1861, and complainants be substituted to, and vested with, all the rights that defendant Johnson has to collect the same; also, decreed that upon such payment said Johnson should be perpetually enjoined, etc.

Defendant below prays an appeal.

The errors assigned, are, in admitting improper testimony; in rendering a decree for complainants below; in not finding a sufficient amount due defendant; in reducing the amount

of defendant's claim ; and in enjoining defendant from selling the mortgaged premises.

LELAND & BLANCHARD, for Appellants.

Did Johnson contract to take, or did he in fact take and receive usurious interest from Thompson ; and if so, how much ?

If any usurious interest has been taken, can the same, being paid by Thompson, be considered and treated as a forfeiture, and deducted from the apparent balance due on the trust deed ?   24 Ill. 381.

Is a contract, made at the maturity of a note, to extend the time for the payment thereof, for a stipulated consideration, usurious ?

Have not the complainants, Wadsworth & Wells, a complete and adequate remedy at law ?

Who may avoid for usury ?   *Jackson* v. *Henry*, 10 Johns. 185; *Sands* v. *Church*, 2 Selden, 347; *Mechanics' Bank* v. *Edwards*, 2 Barb. S. C. 545; *Dewolf* v. *Johnson*, 10 Wheaton, 393; 2 Selden, 387; 7 Hill, 391; 1 Barb. 278; 7 Conn. 413.

N. H. PURPLE, for Appellees.

The question is, can illegal interest so taken and received, be treated as *forfeited*, and deducted from the apparent balance due on the trust deed ?

This is purely a question of law, and must be determined by authority and precedent, and perhaps depending somewhat upon the true construction of the statutes of this State.

The following authorities are in point, on this question : *Trobridge* v. *Christmas*, Clark, 268 ; *Fanning* v. *Dunham*, 5 John. Ch. 122 ; *Fulton Bank* v. *Beach*, 1 Paige, 429 ; Same case, 3 Wend. 573; *Livingston* v. *Harris*, 3 Paige, 528 ; Same case, 11 Wend. 329 ; *West* v. *Beans & Oden*, 3 Har. & John. 568; *Young* v. *Scott*, 4 Rand, 415 ; *Weatherhead* v. *Boyers*, 7 Yerger, 545; *Pearce* v. *Hedrick*, 3 Littell, 110 ; 15 Vt. Rep. 115 ; *Bartholomew* v. *Tow*, Clark, 16; 9 Paige, 165.

CATON, C. J. An examination of the reported cases shows a considerable conflict of authority as to who may take advantage in a contract or obligation infected with usury, some holding that none but an original party to the usurious contract, or, in case of his death, his representative, can plead the usury; while others allow the owners of the estate bound or incumbered by the contract, and even creditors, to insist upon the usury. But as that question does not legitimately arise in this case, we shall abstain from a review of these decisions, and from expressing an opinion on the subject.

Thompson, the original party to the usurious notes and mortgage, and who has actually paid the usury which is now sought to be applied in satisfaction of the principal, is a complainant in the bill, as well as the subsequent mortgagees. These last might have been omitted altogether, but the joining their names as complainants with Thompson, does not impair his right to insist upon the usury. To the merits of this bill thus filed by Thompson and the others, the defendants answered, upon which issues were formed, without any question being raised as to Thompson having authorized the use of his name as complainant. The question was asked Aiken, during his examination, if Thompson had authorized the use of his name as complainant; to which he replied, that he did not know that he had. This attempt to prove that the use of the name of Thompson was unauthorized, was out of place and illegitimate at that stage of the case. Had the defendant intended to question Thompson's position as complainant, he should have done so at a preliminary stage of the suit and in proper form, so as to have given Thompson an opportunity to come in and show the transaction, or the other complainants an opportunity to show that he had authorized the use of his name as complainant. When this testimony was taken, there was no issue before the court to which it could apply. By answering Thompson's bill, he admitted it was properly filed and upon due authority. There was then no question before the court on that subject. It was a matter already admitted and determined.

If Thompson had paid usurious interest upon the loan to

secure which the mortgage was given, he had a right, at any time before the final statement of the debt, or before it had been adjudicated upon by judgment or decree, to claim the benefit of such usurious payment. Suppose, instead of advertising the property for sale in pursuance of the terms of the mortgage or trust deed, Johnson had filed a bill to foreclose the mortgage, there can be no doubt that he could have insisted, under our statute, upon the usury paid, and had it applied in extinguishment of the principal; or had he been sued upon the notes, he could have availed himself of the same defense. Such is the settled construction of the statute in this court.

The only remaining question is one of fact. Does the proof show that the mortgage and notes were given to secure a usurious loan of money, and did Thompson pay the defendant usurious interest to the amount found by the court below and credited upon the principal sum? We have looked into the testimony on that subject, and are satisfied with the finding of the Circuit Court. As a mere question of evidence, it would settle no principle of law which would justify us in swelling an opinion with a review and an analysis of the evidence. We shall therefore content ourselves with expressing our approval of the finding of the court below.

The decree is affirmed. *Decree affirmed.*

BREESE, J., *dissenting*. I am well satisfied, after a careful examination of the record and the authorities cited, that this decree should be reversed, and the bill dismissed. Had a demurrer been interposed in the court below, it ought to have been sustained. Proceeding to a final hearing on bill, answer and testimony, does not preclude a party, on appeal or error, from making the same objections which could be urged on a general demurrer to the bill, for that is always to the merits and in bar of the relief sought.

The bill was filed in the name of certain creditors of one Samuel Thompson, and using his name without any apparent authority so to do, and without his knowledge, as was proved.

Thompson has never sought to avoid the contract with

appellant on any ground, and as late as April 29, 1860, he distinctly stated that appellant's demand, on the 8th of the preceding March, was eight hundred dollars. No payments have been made since that time, but it appears, though not conclusively, that Thompson had paid a considerable amount of usurious interest to appellant on this debt of eight hundred dollars, which was due by note; and his co-complainants, having a deed of trust on the same property conveyed to Johnson to secure the payment of this eight hundred dollars, and which he is proceeding to sell under his trust deed, claim such usurious interest should be rebated from the amount of the appellant's claim, and thus relieve the property from so much of the incumbrance.

We have decided, after solemn argument and most mature consideration, that a party who has voluntarily paid usurious interest cannot recover it back in an action at law. But a payment is an end of the matter, so far as the statute is concerned, and this decision has been reiterated, at this term, in the case of *Tompkins* v. *Hill.*

If, then, a party cannot at law recover back money paid on a usurious contract, I do not see how it can be done in any other manner. Thompson paid the interest voluntarily, and has never, and does not now, complain of it. How, then, can his co-complainants have it deducted from the amount of appellant's claim? If they can, it would be virtually overruling the decisions I have cited. I do not think the cases cited by appellees apply. They all arose under statutes declaring a forfeiture of the whole debt for usury. That is not our statute, and if we should affirm the decree in this case, we would wipe out the decisions we have so lately made, as having a contrary bearing. I think the decree should be reversed.